# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHID QURESHI,** | : | **CIVIL ACTION NO. 1:08-CV-2282** |
| Petitioner | : | **(Judge Conner)** |
| v. | : | |
| **ADMINISTRATIVE APPEALS OFFICE OF THE BUREAU OF UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, ROBERT P. WEIMANN, EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT, and JAMES T. HAYES, JR.,** | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) filed by Shahid Qureshi ("Qureshi") pursuant to 28 U.S.C. § 2241. Qureshi challenges the denial of his application to adjust status under 8 U.S.C. § 1255a of the Immigration and Nationality Act ("INA") and seeks an order directing the following parties to adjust his status to that of lawful permanent resident: the Administrative Appeals Office of the Bureau of United States Citizenship and Immigration Services ("AAO"); Robert P. Weimann, chief of the AAO; Evangelia A. Klapakis, district director of the Philadelphia District of the United States Citizenship and Immigration Services ("USCIS"); United States Immigration and Customs

Enforcement ("USICE"), and; James T. Hayes, Jr., director of USICE (collectively, "respondents").[1]  For the reasons that follow, Qureshi's petition will be denied.

## I.     Statement of Facts & Procedural History

Qureshi is a native and citizen of Pakistan who originally entered the United States on March 13, 1974.  (Doc. 1 ¶ 11.)  He was authorized to remain within the country for twelve days.  (Id.)  Qureshi overstayed this authorization, and on April 22, 1974, customs officials initiated deportation proceedings.  (Id. ¶ 12.)  Qureshi was thereafter found deportable, but granted voluntary departure until January 15, 1976.[2]  (Id.)

Prior to his voluntary departure date, Qureshi married Odean Burdett ("Burdett"), a United States citizen, and received approval for an immediate

---

[1] Alternatively, Qureshi seeks specific performance of an oral contract that was allegedly negotiated in the late 1980s with Justice Department officials.  (See Doc. 1 ¶ 42(c)).  Qureshi alleges that he was promised lawful permanent resident status in exchange for drug trafficking information, that he fulfilled this "contractual" obligation, but that the government has not performed as promised.  (See id. ¶¶ 22-24.)  Qureshi provides no support for his contention that a § 2241 petition may be employed by litigants as a contract-enforcement mechanism, and the court rejects this novel attempt to manipulate a statute whose purpose is to rectify unconstitutional *restraints* on liberty.  See Boumediene v. Bush, --- U.S. ---, 128 S. Ct. 2229, 2266 (2008) (explaining that "the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law" (internal quotations omitted)).

[2] Section 1229c(a)(1) of Title 8 of the United States Code states, "The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under [8 U.S.C. § 1229a] or prior to the completion of such proceedings, if the alien is not deportable under [8 U.S.C. § 1227(a)(2)(A)(iii)] or [8 U.S.C. § 1227(a)(4)(B)]."

relative petition on November 12, 1974.[3] (Id. ¶ 13.) Qureshi and Burdett divorced in late 1975. (See id. ¶ 14.) During an interview at the United States Consulate on January 29, 1976, however, Qureshi falsely stated that he was still married to Burdett. (Id.) He was thereafter prosecuted under § 1306(c) of the INA for "false statements and representations on an application for Immigration Visa and Alien Registration," and sentenced to five years' probation. (Id. ¶ 15.)

On February 10, 1979, Qureshi married Carolyn Aletha Walden ("Walden"), a United States citizen. (Id. ¶ 16.) Walden filed an immediate relative visa petition on Qureshi's behalf on February 14, 1980. (Id. ¶ 17.) This petition was denied, and on August 24, 1981, Qureshi was ordered to show cause why he should not be deported as (1) a person excludable at his last date of entry in February 1976, and (2) due to his conviction for false statements to the United States Consulate. (Id. ¶¶ 17-18.) Notwithstanding the show cause order, it appears that no further action was taken on Qureshi's case for several years and Qureshi simply remained in the country. In January 1986, he was arrested for possession of heroin, but the charges were subsequently dropped. (Id. ¶ 21.)

In September 1988, Qureshi contacted the Department of Justice's Office of Professional Responsibility in Brunswick, Georgia, to volunteer information pertaining to a shipment of hashish arriving from Pakistan. (Id. ¶ 22.) Qureshi

---

[3] An immediate relative petition is available to aliens who can demonstrate in good faith a familial relationship with a United States citizen according to the procedures outlined in 8 U.S.C. § 1154(a).

3

claims that agents of the Immigration and Naturalization Service[4] ("INS") and Drug Enforcement Agency ("DEA") promised that he would be granted a green card and could remain in the United States if he continued to provide them with drug trafficking information. (See Doc. 1, Exs. 1-4.) On May 31, 1989, however, the American Consul in Toronto informed Qureshi that it suspected him of continued, active involvement in drug trafficking offenses. (See Doc. 1 ¶ 25.) On this basis, Qureshi was denied eligibility to obtain an immigrant visa. (Id.)

In early 1991, Qureshi was once again placed into exclusion proceedings. (See id. ¶ 27.) Immigration officials charged him as "a person believed to be involved in drug trafficking," and claimed that he lacked proper entry documents. (Id.) On January 26, 1993, an immigration judge in Atlanta, Georgia sided with the government on both charges and held that Qureshi was excludable from the United States. (Id. ¶¶ 27-28.) The judge thereafter granted a change of venue to Hartford, Connecticut for a hearing on Qureshi's application to withhold exclusion, and for asylum. (Id. ¶ 28.) The Hartford immigration judge to whom the case was transferred denied Qureshi's application for asylum and found him deportable on September 23, 1993. (Id. ¶ 29.) Qureshi appealed the order of deportation to the Board of Immigration Appeals ("BIA"), which then vacated the order in part. Specifically, the BIA panel rejected the earlier finding that Qureshi was excludable

---

[4] The Immigration and Naturalization Service was abolished by statute in 2003. See 6 U.S.C. § 291. Congress thereafter created USCIS, which absorbed the INS's functions with respect to adjudicating immigrant visa and nauturalization petitions, asylum and refugee applications, and adjudications performed at immigrant service centers. See 6 U.S.C. § 271.

4

because he was involved in the trafficking of narcotics, but affirmed the finding that Qureshi did not possess lawful permanent resident status, and was consequently excludable on that basis. (Doc. 1, Ex. 7 at 3-4.)

Qureshi nonetheless continued to reside in the United States as an alien for the next nine years. On June 4, 2002, he filed an application to adjust status in another attempt to acquire lawful permanent residency. (Doc. 1 ¶ 31.) USCIS denied the application on November 26, 2004. (Doc. 1, Ex. 10.) Qureshi subsequently appealed this decision to the AAO, and on June 20, 2008, his appeal was denied. (Doc. 1 ¶ 34.) Qureshi appealed the AAO's ruling to the Third Circuit Court of Appeals; on August 28, 2008, the Third Circuit dismissed Qureshi's petition for lack of subject matter jurisdiction, holding that the application to adjust status was unreviewable because it was not accompanied by a final removal order. (See Doc. 1, Ex. 12 at 2-3 (reproducing decision in Qureshi v. Attorney Gen., Civ. A. No. 08-3128 (3d Cir. Aug. 28, 2008)). The instant petition for habeas corpus relief was filed on December 19, 2008. The petition has been fully briefed and is ripe for disposition.

## II. Discussion

Section 2241 of Title 28 of the United States Code provides district courts with authority to order the release of prisoners from unconstitutional conditions of federal confinement. In order for a federal court to exercise jurisdiction over a habeas claim in the immigration context, "the petitioner must be in the 'custody' of the federal immigration agency." Kumarasamy v. Attorney Gen., 453 F.3d 169, 172

5

(3d Cir. 2006). However, the custody requirement does not necessitate that a petitioner be held in physical detention, see Jordon v. Attorney Gen., 424 F.3d 320, 324 n.6 (3d Cir. 2005) ("[P]hysical detention is not required for a petitioner to meet the 'in custody' requirement of § 2241."); aliens subject to a final order of deportation are also considered to be 'in custody' for purposes of petitioning the courts for habeas relief, see, e.g., Ogunwomoju v. United States, 512 F.3d 69, 74 n.8 (2d Cir. 2008); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 735 (5th Cir. 2005); Garcia-Echaverria v. United States, 376 F.3d 507, 511 (6th Cir. 2004); Simmonds v. INS, 326 F.3d 351, 356 (2d Cir. 2003); Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291-92 (10th Cir. 2001); Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995).[5]

Qureshi claims that he is subject to a final order of removal dating from 1993 and "faces deportation from the United States if this Petition for Habeas is denied." (Doc. 6 at 4.) Therefore, according to Qureshi, he satisfies the threshold 'custody' requirement. (See id. at 4-5.) The instant petition does not challenge the 1993 deportation order, however, and Qureshi invokes it solely to meet the jurisdictional

---

[5] While at least five circuits have held that a final deportation order imposes a restraint which fairly constitutes "custody" for purposes of § 2241, the Third Circuit has yet to squarely address the issue. See Kumarasamy, 453 F.3d at 172-73 (recognizing that "[i]n the immigration context, several [other] circuits have held that an individual subject to a final deportation order issued by the INS or its successor agency is in custody for § 2241 purposes," but declining to opine on the matter). The court is persuaded by the weight of the above-cited authority, and will thus consider a petitioner to be 'in custody' when amenable to a final order of deportation.

6

prerequisite of § 2241.[6] (See id.) Instead, Qureshi's petition focuses on the USCIS denial of his application to adjust status, and he contends that the sought-after status adjustment "is *not discretionary* and must be granted" by the court. (See Doc. 1 ¶ 40 (emphasis in original)). Although Qureshi technically appears to meet the 'in custody' requirement for habeas purposes, the court is nonetheless bereft of jurisdiction under § 2241 to review the administrative denial of Qureshi's application to adjust status.[7]

Section 245A of the INA provides a mechanism by which an alien illegally residing in the United States may seek adjustment of his or her status to that of lawful permanent resident provided that certain conditions are met. See 8 U.S.C. § 1255a(a). The statute sets forth a clear—and exclusive—process of administrative and judicial review in the event one's application is denied. See § 1255a(f)(1) (describing administrative appeals procedure and declaring that "[t]here shall be no

---

[6] Were it Qureshi's intent to challenge the 1993 order, his choice of venue would be in error. Section 106(a) of the Real ID Act of 2005 requires aliens contesting a final order of removal to file suit in the appropriate federal courts of appeal. See 8 U.S.C. § 1252(a); see also Kolkevich v. Attorney Gen., 501 F.3d 323, 325-26 (3d Cir. 2007). This presents something of a quandary for Qureshi because the statute of limitations governing his petition for review of the 1993 deportation order has long since expired. See Kolkevich, 501 F.3d at 337 (allotting thirty days from passage of the Real ID Act for claimants to file petition for review of pre-Real ID Act removal orders).

[7] In a separate action pending before the court, Qureshi requests judicial review of the status adjustment application under § 702 of the Administrative Procedure Act. (See Qureshi v. Admin. Appeals Office, No. 08-CV-2281, Dkt. No. 11.) The court dismissed Qureshi's complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(1), (see id.), but a motion for reconsideration remains unresolved, (see id., Dkt. No. 14.)

7

administrative or judicial review . . . under this section except in accordance with this subsection"). In order to obtain federal court review of an adverse adjustment of status determination, an applicant must appeal the decision *along with* a final order of deportation. See § 1255(f)(4). Absent accompaniment by an appeal of a final deportation order, federal courts simply lack jurisdiction to entertain an aggrieved applicant's challenge to an adjustment of status decision. Reno v. Catholic Soc. Servs., 509 U.S. 43, 54 (1993) (explaining that the judicial review procedure mandated by § 1255a is the exclusive mechanism by which courts acquire jurisdiction over applications for adjustment of status).

Qureshi does not seek review of the 1993 order of removal and, therefore, he runs afoul of the above-described statutory requirements. Even if he were to challenge the 1993 order, however, his claims would be inappropriate in this forum,[8] see supra note 6 (explaining that review of a final order of deportation lies exclusively in the circuit courts). At bottom, the instant habeas petition attempts to

---

[8] Qureshi claims that a procedural rejection of his habeas petition is, *ipso facto*, unconstitutional because such a decision precludes him from acquiring meaningful review of the denial of application to adjust status. According to Qureshi, this effectively suspends the writ of habeas corpus as applied to his circumstances. (See Doc. 6 at 5-11.) The court's rejoinder is twofold: First, there is no constitutional right to judicial review of status adjustment adjudications over and above that which is afforded under § 1255a. See Reno, 509 U.S. at 54. Second, Qureshi had the opportunity to contest the 1993 order of deportation through both § 2241 and a petition for review, but that opportunity did not extend *ad infinitum*. See Kolkevich, 501 F.3d at 337 (clarifying the statute of limitations pertinent to challenges to pre-Real ID Act removal orders). That Qureshi's statute of limitations expired does not render the relevant statutory procedure unconstitutional.

challenge the discretion of an agency decision; such a challenge is procedurally defective in the § 2241 context and must be dismissed.

## III. Conclusion

For the foregoing reasons, the petition (Doc. 1) for writ of habeas corpus will be denied.

An appropriate follows.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

Date: October 15, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHID QURESHI,** | : | **CIVIL ACTION NO. 1:08-CV-2282** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ADMINISTRATIVE APPEALS OFFICE OF THE BUREAU OF UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, ROBERT P. WEIMANN, EVANGELIA A. KLAPAKIS, UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT, and JAMES T. HAYES, JR.,** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 15th day of October, 2009, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition (Doc. 1) for a writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge